IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID H. PEASE, III and | : | |
| LISA PEASE, | : | No. 4:10-CV-00843 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| KELLY AEROSPACE, INC. d/b/a | : | |
| KELLY AEROSPACE POWER | : | |
| SYSTEMS, INC., An Alabama | : | |
| Corporation, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

June 11, 2010

## I. INTRODUCTION

This action was initiated in 2007, when plaintiffs David H. Pease III and Lisa Pease filed an action against defendants Kelly Aerospace Inc., d/b/a Kelly Aerospace Power Systems, Inc.; Main Turbo Systems, Inc. ("Main Turbo"); Lycoming Engines Inc. ("Lycoming Engines"); and Air Tolin in Ohio state court. On April 20, 2007, the action was transferred to the District Court for the Middle District of Alabama for jurisdictional purposes. (Rec. Doc. No. 1, Attachment No. 1). The lawsuit arises out of an incident that occurred on June 5, 2005, when

1

plaintiff David Pease was injured after his aircraft, a Piper Saratoga, crashed near Tazewall, Tennessee. Plaintiffs claim that the crash occurred after Mr. Pease's plane "suffered an engine seizure after an apparent oil starvation event at a high altitude . . . ." Id. at 1.

## II. PROCEDURAL HISTORY

Upon a renewed motion to dismiss, filed by defendant Main Turbo on April 18, 2008 (Rec. Doc. No. 4, Attachment No. 3), the District Court for the Middle District of Alabama, Northern Division ("Alabama District Court"), on June 20, 2008, dismissed Main Turbo as a defendant in the instant case (Rec. Doc. No. 5, Attachment No. 1). By an order dated August 20, 2009, and upon consideration of the parties' stipulation for dismissal with prejudice filed on August 17, 2009, the Alabama District Court directed the clerk to dismiss defendants Kelly Aerospace, Inc., d/b/a Kelly Aerospace Power Systems, Inc., from the cause of action. (Rec. Doc. No. 7, Attachment No. 2).[1] The Alabama District Court, by a Memorandum and Order dated April 19, 2010 transferred the matter to the District Court for the Middle District of Pennsylvania, based upon the convenience of witnesses and the parties, as well as the interests of judicial economy. (Rec. Doc. No. 11, Attachment No. 2).

---

[1] Only Lycoming Engines remains as a defendant in the present action.

On April 12, 2010, plaintiffs filed a motion to compel the production of documents, pursuant to Federal Rule of Civil Procedure 37, with a brief in support.[2] (Rec. Doc. Nos. 17 and 18). With this motion, plaintiffs sought "an order compelling Defendant Lycoming Engines to produce highly relevant and material accident documents and materials responsive to Plaintiffs' production request." (Rec. Doc. No. 17 at 1). Lycoming Engines filed a brief in opposition on May 10, 2010. (Rec. Doc. No. 27). Plaintiffs filed a reply brief on May 24, 2010. (Rec Doc. No. 31). By a Memorandum and Order dated June 8, 2010, we granted the plaintiffs' motion to compel. (Rec. Doc. No. 32). In our Memorandum and Order, we concluded that the discovery request concerned nonprivileged material relevant to the plaintiffs' claim pursuant to Fed. R. Civ. P. 26(b)(1), and that "'the discovery appears reasonably calculated to lead to the discovery of admissible evidence' and is not unreasonably cumulative, duplicative, unduly burdensome, or overly broad." Id. at 15-16 (quoting Fed. R. Civ. P. 26(b)(1)).

## III. DISCUSSION

Currently before this court are two motions. The first is a motion, filed by plaintiffs with the Alabama District Court on March 9, 2010, in which plaintiffs

---

[2] According to Fed. R. Civ. P. 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

seek to extend their expert discovery deadlines by forty-five days.[3]  (Rec. Doc. No. 13). In their brief filed in support of their motion, plaintiffs contend that an extension is warranted, as two of plaintiffs' proposed experts require additional discovery so as to provide sufficient opinions concerning the model engine at issue. (Rec. Doc. No. 14 at 2). This discovery was the subject of plaintiffs' motion to compel (Rec. Doc. No. 17), which was granted by this court on June 8, 2010 (Rec. Doc. No. 32). In addition, plaintiffs claim that additional time also is required to complete discovery concerning the disposition of the aircraft wreckage and potentially significant parts from the aircraft that may now be missing. (Rec. Doc. No. 14 at 3-4). In a brief in opposition filed on March 25, 2010, with the Alabama District Court, Lycoming Engines claims that the requests made by the plaintiffs are overly broad and that the materials requested "will have no bearing on Plaintiffs' experts' opinions." (Rec. Doc. No. 15 at 3). In their reply brief, plaintiffs contend that the material which was the subject of the motion to compel "is critical to the preparation of the plaintiffs' experts." (Rec. Doc. No. 16 at 3-4).

---

[3] Originally, plaintiffs' deadline for disclosing experts and reports was March 10, 2010, pursuant to an order issued by the Alabama District Court on March 5, 2009. (Rec. Doc. No. 6, Attachment No. 9). As memorialized in this court's scheduling order (Rec. Doc. No. 26), filed after a telephone conference call with counsel, any further scheduling was to be deferred until after this court ruled upon plaintiffs' motion to compel (Rec. Doc. No. 17).

Plaintiffs also contend that responses to their requests concerning missing wreckage are still outstanding. Id. at 4.

The second motion before this court is a motion filed by the defendant to extend expert disclosure deadlines or, in the alternative, to strike and preclude plaintiffs' experts. (Rec. Doc. No. 19).[4] Defendant claims that it should be allowed additional time to make its own disclosures concerning experts, as plaintiffs allegedly have failed to comply with Fed. R. Civ. P. 26(a)(2). Defendant notes that, in part, plaintiffs based their request for extension on the failure of defendant to provide them with the documents at issue in the motion to compel, which was granted by this court on June 8, 2010. Lycoming Engines again reiterates its contention that this request is overly broad and is being used by plaintiffs simply as a tactic in prolonging discovery. Lycoming Engines contends that plaintiffs have failed to provide, in violation of Fed. R. Civ. P. 26(a)(2), any expert report as to expert Colin Sommer, as well as a sufficient expert report as to Douglas R. Herlihy. Defendants request a sixty-day extension beyond the date upon which plaintiffs make a complete disclosure of their expert information or, in

---

[4] The original expert disclosure deadline for the defendant was set for May 11, 2010. (Rec. Doc. No. 6, Attachment No. 9). Again, pursuant to this court's scheduling order, dated May 4, 2010 (Rec. Doc. No. 26), any further scheduling was to be deferred until a ruling was issued on plaintiffs' motion to compel (Rec. Doc. No. 17).

the alternative, defendants request that this court strike the two above-mentioned experts for the plaintiffs. Id. at 8-10.

The court is persuaded that extensions of time are necessary and appropriate in fairness to both parties, especially in light of this court's Memorandum and Order, dated June 8, 2010, granting the plaintiffs' motion to compel. (Rec. Doc. No. 32). Therefore, we will grant plaintiffs' motion to extend report discovery deadline (Rec. Doc. No. 13), and we will grant the defendant's motion to extend its expert disclosure deadline (Rec. Doc. No. 19), to the extent of the relief provided in this order.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. **Motions Granted**. The plaintiffs' motion to extend their report discovery deadline (Rec. Doc. No. 13) and the defendant's motion to extend its expert disclosure deadline (Rec. Doc. No. 19) are granted to the extent of the relief provided in this order.

2. **Discovery.** All fact discovery shall be completed on or before July 6, 2010.

3. **Expert witnesses.** To the extent required by Fed. R. Civ. P. 26(a)(2), plaintiff(s) will supply to defendant(s) the name(s) and report(s) of their expert(s) on or before August 17, 2010, and defendant(s) will supply to plaintiff(s) the

name(s) and report(s) of their expert(s) on or before September 28, 2010.

 3.1 Depositions of experts for use at trial in lieu of live testimony may be taken at any time prior to trial, with concurrence of counsel.

 3.2 Supplemental reports of plaintiff(s)' experts must be supplied to opposing counsel on or before October 12, 2010.

 3.3 Supplemental reports of defendant(s)' experts must be supplied to opposing counsel on or before October 26, 2010..

 3.4 All depositions of an opposing party's experts under Fed. R. Civ. P. 26(b)(4) must be conducted on or before November 9, 2010.

 3.5 Counsel are reminded of their continuing obligation to supplement disclosures and responses in accordance with the provisions of Fed. R. Civ. P. 26(e), which obligation is not affected by this order.

4. **Motions in limine.**

 4.1 All motions in limine, other than those pertaining to testimony of experts, shall be filed on or before November 5, 2010, with supporting briefs attached. All opposing briefs shall be filed on

or before November 19, 2010. No reply briefs are permitted.

  4.2 Motions in limine pertaining to testimony of experts should be filed and briefed according to the foregoing schedule, but may be filed and/or supplemented at any time prior to November 16, 2010, if necessary, to reflect deposition testimony.

  5. **Dispositive motions.** All motions for judgment on the pleadings or for summary judgment shall be filed on or before October 12, 2010.

  6. **Final pretrial/settlement conference.** A final pretrial/settlement conference will be held on December 3, 2010, at a time to be announced, in Chambers, Third Floor, Federal Building, 240 West Third Street, Williamsport, Pennsylvania.

  7. **Jury trial.** Jury selection will be January 4, 2011, at 10:00 a.m., Fourth Floor, Federal Building, 240 West Third Street, Williamsport, Pennsylvania.

  8. **Superseding order.** This order supersedes all previous scheduling orders to the extent inconsistent therewith.

  9. **Courtesy copies.** No courtesy copies of documents shall be sent directly to the undersigned judge.

10. **Facsimile transmission.** No document may be faxed to chambers or to the clerk's office without express permission obtained in advance from the judge or his secretary or law clerk, which permission shall be limited to each document request, unless otherwise indicated.

11. **Correspondence.** As a general practice, the court will take no action based on correspondence. Counsel must adhere to the motion practice set forth in the rules.

12. **Inquiries**. Any inquiries you have concerning this case and its progress should be directed to Kathy McLaughlin, Deputy Clerk of Court, Federal Building, 240 West Third Street, Suite 320, Williamsport, Pennsylvania, telephone number (570) 323-9772.

  s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge