# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID H. PEASE, III and LISA PEASE,** : | **CIVIL ACTION NO. 4:10-CV-00843** |
| : | |
| : | **(Judge Conner)** |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | |
| **MAIN TURBO SYSTEMS, KELLY AEROSPACE, INC., d/b/a/ KELLY AEROSPACE POWER SYSTEMS, INC., LYCOMING ENGINES,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## MEMORANDUM

### I. INTRODUCTION

On April 20, 2007, plaintiffs David H. Pease, III and Lisa Pease commenced this diversity action against defendant Lycoming Engines Inc. ("Lycoming Engines") and fourteen other defendants in the United States District Court for the Middle District of Alabama. (Doc. 1, Attachment 1). By Memorandum and Order dated April 19, 2010, the Middle District of Alabama granted plaintiffs' motion to transfer venue (Doc. 8, Attach. 3, 4) and transferred the action to this court. (Doc. 11, Attach. 2). The instant lawsuit arises out of a June 5, 2005, aviation accident. The pilot, plaintiff David Pease, was seriously injured after his aircraft, a Piper Saratoga, crashed near Tazewall, Tennessee. Plaintiffs claim that the crash occurred after Mr. Pease's plane "suffered an engine seizure after an apparent oil starvation event at a high altitude . . . ." Id. at 1.

## II. PROCEDURAL HISTORY

This matter was reassigned to the undersigned on December 22, 2010. On January 3, 2011, defendant Lycoming Engines filed a motion for determination of applicable law, contending that Tennessee law applies to the plaintiffs' state law claims. (Doc. 50). Lycoming Engines filed its brief in support on January 11, 2011. (Doc. 59). On January 28, 2011, plaintiffs filed an opposition brief, contending that the court should apply Pennsylvania law to their claims. (Doc. 77). The instant motion for determination of applicable law is now ripe for disposition.

For the following reasons, the court is compelled to grant Lycoming Engines' motion for determination of applicable law. The court will apply Tennessee substantive law to the plaintiffs' state law claims.

## III. DISCUSSION

The parties agree that federal courts sitting in diversity jurisdiction are required to apply state substantive law.[1] "A federal court exercising diversity jurisdiction must apply state law as declared by the highest state. When the state's highest court has not addressed the issue, the federal court must predict its holding." Borman v. Raymark Industries, Inc., 960 F.2d 327, 331 (3d Cir. 1992) (internal citations omitted); see also Freeman v. First Union Nat'l, 329 F.3d 1231,

---

[1] See Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by Acts of Congress, the law to be applied in any case is the law of the State. And whether the law of the State shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern. There is no federal general common law.").

1232 (11th Cir. 2003) ("We decide novel questions of state law 'the way it appears the state's highest court would.'") (quoting Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1290 (11th Cir. 2001)). The parties also agree that a transfer under 28 U.S.C. § 1404(a) does not change the applicable state law; hence, a transferee court is required to apply the choice of law of the transferor court's state. Thus, Alabama's choice of law jurisprudence governs the instant matter. See Lafferty v. Gito St. Riel, 495 F.3d 72, 76-77 (3d Cir. 2007) (citing Ferens v. John Deere Co., 494 U.S. 516, 527-28 (1990)).

The doctrine known as lex loci delicti ordinarily resolves the choice of law question in Alabama tort claims. This doctrine requires "an Alabama court [to] determine the substantive rights of an injured party according to the law of the state where the injury occurred." Lifestar Response of Ala., Inc. v. Admiral Ins. Co., 17 So. 3d 200, 213 (Ala. 2009). Lex loci delicti has long governed the choice of law in personal injury actions in Alabama. See Middleton v. Caterpillar Indus., 979 So. 2d 53, 57 (Ala. 2007) (observing that Alabama courts have followed the principle of lex loci delicti for 115 years); Fitts v. Minnesota Mining & Mfg. Co., 581 So. 2d, 819, 820 (Ala. 1991) ("After careful consideration, we are not convinced that we should abandon the *lex loci delicti* rule for the approach of the *Restatement (Second)* on the facts of the present case."); Norris v. Taylor, 460 So. 2d 151, 152 (Ala. 1984) ("It is well settled that the traditional conflict rule of lex loci delicti applies to tort actions brought in this jurisdiction."). The parties disagree, however, as to whether the doctrine is applicable in the instant case.

3

The Alabama Supreme Court has pointedly stated that "some of the arguments advanced by the scholars and some courts in adopting a more flexible conflict of laws rule are compelling and may well find favor in this jurisdiction in the proper case . . . ." Bodnar v. Piper Aircraft Corp., 392 So.2d 1161, 1163 (Ala. 1980). Plaintiffs argue that the instant matter is precisely such a case. In Bodnar, a flight destined for Birmingham, Alabama crashed in Georgia. The plaintiff's decedent was a Georgia resident, but plaintiff filed the wrongful death action in Alabama. The Bodnar court concluded that Georgia law should control, but acknowledged fair criticism of lex loci delicti. Id. (recognizing that the doctrine has been "frequently criticized" because of its failure to account for "underlying policy considerations in weighing the significance of the situs of the injury").

The court agrees with plaintiffs that the Bodnar decision contemplates a more flexible approach in Alabama conflicts of law jurisprudence. Unfortunately, this court is not in a position to determine when, or under what circumstances, that flexible approach may apply. As noted, the Supreme Court of Alabama has consistently reaffirmed the application of the doctrine of lex loci delicti in matters similar to the instant case, including at least four post-Bodnar decisions. See, Norris v. Taylor, 460 So. 2d 151, 152 (Ala. 1984); Fitts, 581 So. 2d at 820; Middleton, 979 So. 2d at 57; Lifestar Response of Ala., Inc., 17 So. 3d at 213.

The court would be remiss, however, if it did not add its judicial ink to the list of those discontented with this doctrine. Lex loci delicti is, quite simply, an antiquated and illogical approach to conflicts of laws in 21st century tort actions.

Courts across the country have substantially eroded the doctrine of lex loci delicti from that constructed in the Restatement of Conflicts of Laws § 384 (1935). The "choice of law revolution" began in the early 1960s with the case of Babcock v. Jackson, 12 N.Y.2d 473, 477 (1963) and has never sounded retreat. See Symeon C. Symeonides, Choice of Law in the American Courts in 2004: Eighteenth Annual Survey, 52 AM. J. COMP. L. 919, 942 (Fall 2004); see also Lea Brilmayer, Rights, Fairness, and Choice of Law, 98 YALE L.J. 1277, 1282 (1989). Indeed, as of the spring of 2010, only ten states still utilized the doctrine in tort cases: Alabama, Georgia, Kansas, Maryland, New Mexico, North Carolina, South Carolina, Virginia, West Virginia, and Wyoming. See Symeon C. Symeonides, Choice of Law in the American Courts in 2009: Twenty-Third Annual Survey, 58 AM. J. COMP. L. 227, 230-31 (Spring 2010) (noting that, in 2009, "the Supreme Court of Alabama recited its adherence to the lex loci delicti and lex loci contractus rules in tort and contract conflicts, respectively").

Aviation accident claims, like the instant matter, uniquely illustrate the nonsensical effect of a rigid application of the doctrine of lex loci delicti. Unlike the plaintiff in Bodnar, the parties have no connection to Tennessee other than the aleatoric location of the crash site. Plaintiffs reside in Ohio, the destination of the flight in question. Plaintiffs raise product liability claims against a Pennsylvania corporation which purportedly designed and manufactured the product in the Commonwealth of Pennsylvania. The flight originated from Asheville, North Carolina. Tennessee was neither the origin of the flight in question nor the

5

destination. The situs of the accident, and consequently the choice of law, were simply happenstance. Any one of the states of Kentucky, Ohio, North Carolina, Tennessee, or Virginia could have been the location of the crash in light of the aircraft's projected flight path. (Rec. Doc. No. 77 at 6-7).

Despite the undersigned's disdain for sweeping application of lex loci delicti, and my desire for the Alabama Supreme Court to recognize the illogic of its present rule, I am compelled to conclude that this doctrine is controlling under the clear dictates of Alabama law. Therefore, the law to be applied in this case is that of Tennessee, the location of the plane crash.

## IV. CONCLUSION

Lycoming Engines' motion (Doc. 50) for determination of applicable law will be granted. The law of Tennessee will control the plaintiffs' state law claims.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: March 11, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID H. PEASE, III and LISA PEASE,** : | CIVIL ACTION NO. 4:10-CV-00843 |
| : | |
| : | **(Judge Conner)** |
| **Plaintiffs,** : | |
| : | |
| v. : | |
| : | |
| **MAIN TURBO SYSTEMS, KELLY** : | |
| **AEROSPACE, INC., d/b/a/ KELLY** : | |
| **AEROSPACE POWER SYSTEMS, INC.,** : | |
| **LYCOMING ENGINES,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## **ORDER**

AND NOW, this 11th day of March, 2011, upon consideration of the motion (Doc. 50) for determination of applicable law, filed on January 3, 2011, by defendant Lycoming Engine, and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that the motion is GRANTED. Tennessee law shall apply to the Plaintiffs' claims for state law remedies.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge