IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID H. PEASE, III and LISA PEASE,** : | CIVIL ACTION NO. 4:10-CV-00843 |
| : | |
| : | **(Judge Conner)** |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **LYCOMING ENGINES,** : | |
| : | |
| **Defendant** : | |

## MEMORANDUM

Plaintiffs David H. Pease III ("Mr. Pease") and Lisa Pease ("Mrs. Pease") (collectively, "the Peases") bring this diversity action against defendant Lycoming Engines Inc. ("Lycoming Engines"). Presently before the court are two motions pertaining to damages: the Peases' motion for partial summary judgment on the issue of economic damages (Doc. 56) and Lycoming Engines' motion to bifurcate liability and damages (Doc. 145).

## I.   Background

The instant lawsuit arose from an aviation accident, which occurred on June 5, 2005. Mr. Pease was injured when the Piper/PA-32R-301T aircraft he was piloting crashed near Tazewall, Tennessee. On April 20, 2007, the Peases filed suit against Lycoming Engines and fourteen other defendants in the United States District Court for the Middle District of Alabama. (Doc. 1-2). Approximately three years later, on April 19, 2010, the Middle District of Alabama granted the Peases' motion to transfer venue (Doc. 8-4) and transferred the action to this court. (Doc.

11-3). This matter was reassigned to the undersigned on December 22, 2010. The Peases filed an amended complaint against Lycoming Engines on December 29, 2010. (Doc. 46). On January 3, 2011, the Peases filed their motion for partial summary judgment on economic damages.[1] (Doc. 56). On May 9, 2011, Lycoming Engines filed its motion to bifurcate trial on liability and damages. (Doc. 145). Both motions are now ripe for disposition. For the reasons that follow, the court will deny the Peases' motion for partial summary judgment, and will grant in part, and deny in part, Lycoming Engines' motion to bifurcate.

## II. Standard of Review

### A. Motion for Partial Summary Judgment

The standard of review which applies to a motion for partial summary judgment is the same as that which applies to a motion for summary judgment on all claims. See FED. R. CIV. P. 56(a). Through summary adjudication the court may dispose of those claims to which "there is no genuine dispute as to any material fact," and for which a jury trial would be an empty and unnecessary formality. See id. A motion for summary judgment places the burden on the non-moving party to

---

[1] The Peases failed to provide with their motion a statement of material facts containing references to the record, as required by Local Rule 56.1. See L.R. 56.1("A motion for summary judgment . . . shall be accompanied by a separate, short and concise statement of the material facts" and "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts"). The Peases have attempted to remedy their omission by attaching a statement of material facts to their reply brief. (See Doc. 83, Ex. 1). Despite the Peases' noncompliance with Local Rules, the court will address the Peases' motion on its merits.

come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).[2]  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(a).  Only if this threshold is met may the cause of action proceed.  Pappas, 331 F. Supp. 2d at 315.

"Where the party moving for summary judgment is the plaintiff or the party who bears the burden of proof at trial, the standard [for summary judgment] is more stringent."  Nat'l State Bank v. Fed. Reserve Bank of New York, 979 F.2d 1579, 1582 (3d Cir. 1992).  For a moving plaintiff to satisfy the threshold burden on summary judgment, when the plaintiff bears the burden of persuasion at trial, the plaintiff must put forth enough evidence to justify a directed verdict in its favor. See Nat'l State Bank, 979 F.2d at 1580 n.2 (3d Cir. 1992) (citing Celotex, 477 U.S. at 331 (Brennan, J., dissenting)). With respect to the issue of economic damages, the Peases will bear the burden of proving the amount of damages by a preponderance of the evidence.  See Walker v. Sidney Gilreath & Assocs., 40 S.W.3d 66, 71 (Tenn.

---

[2] Amendments to Rule 56 of the Federal Rules of Civil Procedure went into effect on December 1, 2010.  The amendments, which altered the subdivisions of Rule 56, have not altered the standard for granting a summary judgment motion. See FED. R. CIV. P. 56 advisory committee notes (2010) ("The standard for granting summary judgment remains unchanged.").

3

Ct. App. 2000). When the party moving for summary judgment has the burden of proof, and the non-moving party fails to respond, the court must still find that the moving party is entitled to prevail as a matter of law in order to grant summary judgment. See Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).

**B.      Motion to Bifurcate**

Pursuant to Federal Rule of Civil Procedure 42, a court may bifurcate separate claims or issues "[f]or convenience, to avoid prejudice, or to expedite and economize . . . ." FED. R. CIV. P. 42(b). A court decides whether to bifurcate on a case-by-case basis, subject to its "informed discretion." Lis v. Robert Packer Hospital, 549 F.2d 819, 824 (3d Cir. 1978) (citing Idzojtic v. Pa. R.R. Co., 456 F.2d 1228, 1230 (3d Cir. 1971)). In exercising such discretion, a court is required to "weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources." Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984). However, bifurcation is not meant to be a routine practice. See FED. R. CIV. P. 42(b) advisory committee note (1966) (stating that "separation of issues for trial is not to be routinely ordered"). The moving party bears the burden of showing that bifurcation is appropriate. See Grosek v. Panther Transp., No. 3:07-CV-1592, 2009 WL 905035, at *2 (M.D. Pa. Apr. 1, 2009) (citing Innovative Office Prod., Inc. v. Spaceco, Inc., No. 05-04037, 2006 WL 1340865, at *1 (E.D. Pa. May 15, 2006), 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2388 (2d ed. 1995)).

**III.     Discussion**

    **A.     Motion for Partial Summary Judgment**

The Peases contend that they are entitled to partial summary judgment on the issue of economic damages. The Peases cite the following reasons in support: (1) Lycoming Engines has not deposed the Peases' vocational experts,[3] who have provided deposition testimony concerning Mr. Pease's economic and non-economic damages incurred as a result of the accident; (2) Lycoming Engines has failed to offer expert opinion opposing the testimony of any of the Peases' experts in the area of economic loss; (3) Lycoming Engines has failed to dispute "the injuries, permanency of the injuries, future cost of caring for the injuries, lost income, loss of function or bodily systems affected by the injuries, disfigurement, emotional distress, pain and suffering," or any other potentially applicable form of damages; (4) Lycoming Engines has not requested any independent examination of Mr. Pease; and (5) Lycoming Engines has neither controverted nor opposed the Peases' expert's opinion regarding the severity, permanency, consequences, or symptoms of Mr. Pease's injuries. (Doc. 57 at 4-5).

In light of Lycoming Engines' purported failure to present any evidence of a dispute as to any material fact on the issue of economic damages, the Peases contend that partial summary judgment on the issue is warranted. (Id. at 7). The

---

[3] These experts are Mr. David Gibson and Ms. Laura Lampton. Mr. Gibson projected the loss earnings of Mr. Pease to range from $7,102,253.00 to $7,439,560.00. (Doc. 57, Ex. B). Ms. Lampton projected Mr. Pease's future medical and life care expenses to range from $2,582,828.00 to $2,698,249.00. (Doc. 57, Ex. C).

Peases rely on two cases in support of their argument: Grobelny v. Baxter Healthcare Corp., et al., 341 F. App'x 803, 805 (3d Cir. 2009) and Waskovich v. Morgano, 2 F.3d 1292, 1296 (3d Cir. 1993). In Grobelny, a failure-to-warn case against the manufacturers of an intravenous immumogloublin treatment used to combat bleeding disorders, the Third Circuit affirmed the district court's entry of summary judgment in favor of defendants after plaintiffs failed to provide any contradictory evidence to the fact-based testimony provided by a doctor. Grobelny, 341 F. App'x at 808. The doctor, who was plaintiffs' treating physician, did not testify that the warnings on the treatment were inadequate, and the plaintiffs, who had the burden to establish the inadequacy of the warnings, put forth no evidence of their inadequacy, nor any evidence undermining the doctor's testimony or questioning the doctor's credibility. Id. The Grobelny court cited the Waskovich decision for the proposition that facts that are "testified to in 'deposition testimony . . . if there is no contradictory evidence . . . may be accepted as true for summary judgment purposes without an assessment of credibility of the witness.'" Grobelny, 341 F. App'x at 808 (citing Waskovich, 2 F.3d at 1296)). The Peases contend that, similar to Grobelny, since Lycoming Engines has not come forward with any evidence disputing the economic damages calculation, they are entitled to summary judgment on the issue.

    Lycoming Engines contends, and the court agrees, that Grobelny and Waskovich are easily distinguishable from the case at bar. Notably, these cases: (1) involved testimony of a factual nature, not opinion testimony; (2) did not involve

a motion for partial summary judgment as to damages; and (3) did not involve a party with a burden of persuasion as the movant requesting summary judgment. More importantly, the court finds that the Peases are not entitled to summary judgment on the issue of economic damages because they have failed to persuade the court that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law. See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) ("[T]he party moving for summary judgment under Fed. R. Civ. P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact.") (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

The estimated sums of lost wages and future medical expenses are, at best, imprecise estimates. The Peases reach a figure of $9,685,081,[4] by relying upon experts who have provided damages ranges of several hundred thousand dollars. The Peases attempt to solidify these sums by simply taking the bottom figure of the range, with respect to Mr. Pease's projected loss earnings as well as his projected future medical and life care expenses. (See Doc 83, at 7). The Peases concede that

---

[4] The court notes that the Peases initially requested a greater sum of damages. In their brief in support of the pending motion for partial summary judgment on the issue of damages, the Peases sought judgment in the amount of $9,981,081; but in their reply brief, they sought $9,685,081. This reduction of $296,000 might have resulted from the removal of Mr. Pease's request for medical expense damages. At various points throughout their supporting brief, the Peases state that Mr. Pease's medical expense amounted to "in excess of $269,000" (Doc. 7, at 3) and "in excess of $269,999." (Doc. 56, at 2). Despite this explanation, the court finds that the Peases' own inability to articulate an exact damages amount undermines their contention that the court should declare a precise damages figure at the present stage.

the bottom figure is the "least speculative" of the given figures. (Id.) This court is not persuaded that these estimates (and inconsistencies) present no genuine issues of material fact as to economic damages. Rather, the figures provided are insufficient to entitle the Peases to judgment as a matter of law.

The court is further concerned that the Peases rely, at least in part, on outdated evidence in the pending motion. For example, Dr. Bigler's report, prepared on January 6, 2009, indicates that the "[t]est date included in this report should be considered *outdated* after six months." (Doc. 57, Ex. D at 1) (emphasis added). Furthermore, the reports submitted by Mr. Gibson and Ms. Lampton were prepared in January and February of 2009, respectively, and are stated in terms of 2009 market values. (Doc 57, Ex. B at 3, Ex. C at 1). The Peases' reliance on reports drafted more than two years ago, based on information predating the reports, gives this court pause and supports Lycoming Engines' position that summary judgment on this issue is simply not proper at this stage.

In light of the above, the court cannot "determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law." Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). There remain issues of material fact. The Peases are unable to articulate the exact amount of economic damages, citing different amounts in their motion and briefs and relying on expert opinions with damages stated in terms of ranges. Furthermore, the expert reports are not based on facts in the record, and they rely on outdated evidence. Determination of economic damages is best left to the jury at

the time of trial. The court will therefore deny the partial motion for summary judgment. (Doc. 56).

### B. Motion to Bifurcate

Lycoming Engines argues that all three grounds for bifurcation—convenience, prejudice and expediency and economy—are present in the instant matter. Lycoming Engines claims that bifurcation will expeditiously resolve the case, because "[t]he presentation of damages evidence in this matter is 'inordinately disproportionate to the evidence on liability.'" (Doc. 147, at 9) (quoting Doeblers' Pa. Hybrids, Inc. v. Doebler, No. 4:03-CV-1079, 2006 WL 3325607, at *2 (M.D. Pa. Oct. 30, 2006). According to Lycoming Engines, a trial on liability will consume less than five days, whereas a full trial on liability and damages will run at least two weeks. (Id. at 11-12). Lycoming Engines asserts that there is no overlap between the witnesses who will testify on liability and those who will testify on damages. (Id.) Lycoming Engines further contends that there is "a strong likelihood" that it "will prevail on the issue of liability," and that settlement may be furthered should a jury return a liability verdict in the Peases' favor. (Id. at 1-2, 12). Finally, Lycoming Engines argues that punitive damages, if they are allowed,[5] should be separated from liability and damages. To this final point, the Peases concur.

---

[5] In light of this court's memorandum and order dated August 22, 2011 (Doc. 155), punitive damages are allowed in this case.

Although Lycoming Engines sets forth a persuasive case for bifurcation, it has not met its burden in establishing that bifurcation is appropriate. Lycoming Engines has downplayed the complexity of the liability issue in this case and over-emphasized the damages portion. Counsel may be well-versed in the intricacies of product liability aviation accident cases, however jurors are not. The fact that the Peases have identified only two experts as to the issue of liability, versus four damages experts, is not, in the court's view, a good indicator of the time, or importance, of the experts' testimony. In fact, the Peases contend that the liability issue will consume the vast majority of the time in trial and that there is significant overlap between liability and damages witnesses. (Doc. 1512, at 10, 11-12).

The court simply does not agree with Lycoming Engines that a verdict in favor of the Peases as to liability will enhance the prospects for settlement. To the contrary, the Peases have argued that, "if a liability verdict was returned in favor of the Peases, they would have even less of an incentive to settle the litigation because Lycoming does not have a damages presentation." (Doc. 151, at 13).[6] Moreover, Lycoming Engines' self-serving assertion that there is a "strong likelihood" that it will succeed on the issue of liability does nothing to establish that bifurcation is appropriate.

---

[6] Lycoming Engines has neither proffered any expert testimony as to Mr. Pease's economic damages nor, apparently, controverted any of the Peases' experts' opinions. (Doc. 56 at 2).

The court concludes that the more efficient course of action is to proceed with trying the liability and damages stages together. See Miller v. American Bonding Co., 257 U.S. 304, 308 (1921) ("In actions at law the general practice is to try all the issues in a case at one time . . . ."). The court can discern no prejudice to Lycoming Engines by proceeding in such a manner. Every civil case involves a consideration of both liability and damages, and, often in tort cases, extensive damages are at issue. See Grosek v. Panther Transp., Inc., No. 3:07cv1592, 2009 WL 905035, at *2-3 (M.D. Pa. April 1, 2009). Bifurcation is nonetheless the exception, not the rule. See FED. R. CIV. P. 42(b) advisory committee note (1966); see also Svege v. Mercedes-Benz Credit Corp., 329 F. Supp. 2d 283, 284 (D. Conn. 2004) (stating that "the issue of liability and damages are routinely tried, even in cases of death or severe injury"). Any prejudice to Lycoming Engines can be avoided or cured by the court's careful construction of the jury charge. See Grosek, 2009 WL 905035, at *3 (citing Thabault v. Chait, 541 F.3d 512, 530 (3d Cir. 2008)). The court will therefore deny the motion to bifurcate with respect to compensatory damages. However, to the extent that Lycoming Engines seeks bifurcation of punitive damages and liability and compensatory damages, the court notes that the Peases have concurred in such bifurcation, and the court will therefore grant this request.

**IV.**	**Conclusion**

For the reasons discussed, the court will deny the motion for partial summary judgment on the issue of economic damages. (Doc. 56). Significant issues of material fact, regarding the calculation of economic damages, still remain in dispute. In addition, the court will grant the motion for bifurcation of liability and damages (Doc. 145) to the extent that Lycoming Engines seeks to bifurcate a determination of punitive damages and a determination of liability and compensatory damages. In all other respects, the motion will be denied.


   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:	September 23, 2011

# IN THE UNITED STATE S DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID H. PEASE, III and LISA PEASE,** : | CIVIL ACTION NO. 4:10-CV-00843 |
| : | |
| : | **(Judge Conner)** |
| **Plaintiffs** : | |
| : | |
| v. : | |
| : | |
| **LYCOMING ENGINES,** : | |
| : | |
| **Defendant** : | |

## **ORDER**

AND NOW, this 23rd day of September, 2011, upon consideration of plaintiffs' motion for partial summary judgment (Doc. 56), and defendant's motion for bifurcation of the liability and damages issues at trial (Doc. 145), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED:

1. The motion (Doc. 56) for partial summary judgment on the issue of economic damages is DENIED; and

2. The motion (Doc. 145) for bifurcation of liability and damages is GRANTED in part and DENIED in part as follows:

    a. The motion is GRANTED to the extent that seeks to bifurcate a determination of punitive damages and a determination of liability and general damages

    b. The motion is DENIED in all other respects.

                                                      S/ Christopher C. Conner
                                                      CHRISTOPHER C. CONNER
                                                      United States District Judge