## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID H. PEASE, III and** | : | **Civil Action No. 4:10-CV-843** |
| **LISA PEASE** | : | |
| **Plaintiffs,** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **LYCOMING ENGINES,** | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 22nd day of August, 2012, upon consideration of defendant

Lycoming Engines' ("Lycoming") motions in limine to strike the expert designation

and testimony of plaintiff witnesses Christy L. Cooper, R.N. (Doc. 187), Lou M.

Smith, M.D. (Doc. 189), Christopher J. Smith, M.D. (Doc. 191), and Kelly K. Napier,

Psy. D. (Doc. 193); Lycoming's motion to bifurcate (Doc. 199), and plaintiff David H.

Pease *et al*.'s ("Pease") motion to preclude Lycoming's undisclosed experts from

testifying at trial (Doc. 185), and in consideration of the pretrial conference held

August 21, 2012, and the rulings made by the court therein, it is hereby ORDERED

that:

1.      Lycoming's motion to bifurcate (Doc. 199) is DENIED.

2.      Lycoming's motions to strike the expert designation and testimony of plaintiff witnesses Lou M. Smith, M.D. (Doc. 189), Christopher J. Smith, M.D. (Doc. 191), and Kelly K. Napier, Psy. D. (Doc. 193), are DENIED without prejudice to Lycoming's right to raise specific objections at the time of trial.[1]

3.      Lycoming's motion to strike the expert designation and testimony of plaintiff witness Christy L. Cooper, R.N., (Doc. 187), in light of parties' agreement on this matter, is DENIED as moot.

4.      Pease's motion to preclude Lycoming's undisclosed experts from testifying at trial is DENIED without prejudice to Pease's right to raise specific objections at the time of trial.[2]

---

[1] Lycoming puts forth two principal arguments to strike these witnesses. First, they argue that Pease failed to qualify and tender these witnesses to the court as experts at the time of their respective depositions, and therefore failed to comply with Federal Rule of Evidence 702.  Pease argues that, pursuant to Federal Rule of Civil Procedure 26(a)(2), they were not required to qualify or tender the treating physicians as experts at the time of deposition.  The court finds that, even if Pease was required to qualify and tender these witnesses as experts at that time, Pease's disclosure of the witnesses' curricula vitae, coupled with Lycoming's opportunity to cross-examine the witnesses as to their qualifications at the depositions, constitutes substantial compliance with Rule 702.  Lycoming's argument on this point is therefore rejected.

Lycoming's second argument with regard to these witnesses is that each witness had an insufficient factual basis from which to draw upon in order to give expert testimony.  The court rejects this argument without prejudice to Lycoming's right to raise objections at trial to specific questions they believe to be beyond the scope of the witnesses' expertise.

[2] Pease argues that defense witnesses Nicholas A. Sabatini and Ronald T. Wojnar – former employees of the Federal Aviation Administration – should not be permitted to testify at trial, because Lycoming did not disclose them as expert witnesses as required by F.R.C.P. 26(a)(2).  Lycoming avers that they will not attempt to adduce expert opinion testimony from these witnesses and will call them as fact witnesses as to the regulatory process at the FAA.  The court will take Lycoming at its word and reject Pease's argument without prejudice to Pease's right to object at trial to questions they feel seek improper opinion testimony.

4.    The parties are hereby ORDERED to meet and confer on the
      relevance of the parties' respective exhibits, in order to narrow the lists
      to those exhibits relevant to the issues of liability and damages as
      presented in this case, but without prejudice to each parties' right to
      present additional exhibits for the purpose of impeachment or
      rebuttal.


                              _S/ Christopher C. Conner_____
                              CHRISTOPHER C. CONNER
                              United States District Judge